# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON R. POWELL,<br><br>           Plaintiff,<br><br>   v.<br><br>THE UNITED STATES, et al.,<br><br>           Defendants. | Case No. 1:24-cv-00969-JLT-SKO<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

On August 19, 2024, Plaintiff Shannon R. Powell ("Plaintiff"), proceeding *pro se*, filed an action. (Doc. 1.) On that same date, Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on August 21, 2024. (Docs. 2 & 3.) Plaintiff's complaint is now before the Court for screening. Upon review, the undersigned finds that the claims presented in Plaintiff's complaint are frivolous and will recommend that the action be dismissed with prejudice.

## I.     SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

1  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*
2  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.
3  1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a
4  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of
5  the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en*
6  *banc*).

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *See*
8  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
9  Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable legal
10  conclusion and the fanciful factual allegation.  *See Neitzke*, 490 U.S. at 325.  The Court may,
11  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or
12  where the factual contentions are clearly baseless.  *Id*. at 327.  The critical inquiry is whether a
13  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See*
14  *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.  The Court need
15  not accept the allegations in the complaint as true, but must determine whether they are fanciful,
16  fantastic, or delusional.  *See Denson v Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490
17  U.S. at 328).

18                                  **II.      DISCUSSION**

19        Review of Plaintiff's complaint reveals that it must be dismissed for failure to state a claim.
20  It is comprised of 21 hand- and type-written pages and purports to allege claims for "rights of a
21  citizen," "rights of a holy ghost," and "rights of my own mind and thought" against the United
22  States, Tuolumne County Judge Donald Segerstrom, Governor Gavin Newsom, Vice President
23  Kamala Harris, Secretary of Defense Lloyd J. Austin III, "Ex-Governor" Edward Brown, "The
24  Federal Judicial Judges," and Federal Bureau of Investigation, and "U.S. Marshals." (Doc. 1 at 1–
25  5.) It consists largely of disjointed and unintelligible allegations.  For example, Plaintiff alleges:

26      Kamala Harris—year 2016—maison program
    Richard Chaney program
27      In program claiming to be at the time my husband Kevin Dean Hauck's sister.
    Brenda Hauck and also in the program was Richard Cheney acting as Brad Hauck
28      Kevin's older brother.  Stating that I Shannon R. Powell need to do a time line of

> my life. As they put me in my live of events more memory would pop out for 3 day and 2 night [sic]. At the end of last morning they wanted be to eat (to claim what was not mine). The called it a games [sic] and wanted me to eat a murder. I could not it hurt my chest the ideal of thinking to eat it. I could not –they sayed [sic] they would kill my [sic].

(Doc. 1 at 7.) Plaintiff further alleges:

> Lloyd J. Austin III—The name alone?
> Edward Brown—Governor of California
> Told me he needed to be Number 1 because he was the Governor. I thought he was Willie Brown the one that looked like my Aunt Gayrayle's long pimp. One in the program he sayed [sic], "I'll end up going to the Death Penalty." But I understood that I would. 2016 years-laser hole PIN size in my brain.

(*Id*. at 8.) The remaining allegations continue in this vein. (*See id*. at 9–20.) Plaintiff seeks $1 trillion dollars in damages. (*Id*. at 21.)

The complaint does not identify any specific causes of action, nor does it contain facts supporting any cognizable legal claim against any defendant. The undersigned finds that the complaint consists entirely of fanciful and delusional allegations with no basis in law and no plausible supporting facts, and therefore should be dismissed. *See Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Ayres v. Obama*, Civil No. 13–00371 SOM/RLP, 2013 WL 5754953, at *2 (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").

### III.   CONCLUSION AND RECOMMENDATION

The undersigned concludes that the contents of the complaint are sufficiently unintelligible as to make it clear that leave to amend in this case would not be fruitful. *See Lopez*, 203 F.3d at 1126, 1131. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be

dismissed with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. <u>Within thirty (30) days of service of these findings and recommendations</u>, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 9, 2024**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE